[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE REPORT of ATR.
The present matter arises out of the insolvency of the Community Federal Savings and Loan Association (CFSLA). The Resolution Trust Company (RTC) was appointed receiver for the Bank and the plaintiff a subsequent purchaser from RTC, seeks to foreclose a mortgage executed by the defendant Carol Marchese for non payment of a mortgage note executed by the defendants Carol Marchese and Anthony J. Marchese. The defendants seek to off set against the mortgage debt sums due on a loan made by the defendant, Carol Marchese to CPSLA. The matter was submitted to an attorney trial referee (ATR) on the stipulation of facts, the CT Page 1353 submission of exhibits and testimony with respect to the acquisition by the plaintiff of the mortgage paper. The ATR determined that the defendants were entitled to off set the sums due on the loan made to CFSLA against the claim for monies due under the mortgage.
The stipulated facts indicated that on September 13, 1985 the defendants signed an adjustable rate mortgage note in the amount of $220,000 payable to CFSLA with respect to a purchase of a condominium unit. Sixteen months thereafter, on or about January 15, 1987, while the mortgage note was outstanding, but current, the defendant Carol Marchese loaned to CFSLA the sum of $900,000 pursuant to the terms of a subordinated debenture agreement. This subordinated debenture agreement was an official record of CFSLA and was entered with the full approval of the Board of Directors of the bank. At sometime following the $900,000 loan, the defendants and CFSLA agreed that the $220,000 mortgage of September 13, 1985 would be paid by applying the bank's interest payments due on the subordinated debenture debt to the monthly mortgage payments. In October 1989 the Community Federal Savings and Loan Association defaulted in its interest payments on the subordinated debenture agreement and has not paid the defendant, Carol Machese anything since that time. In November of 1989 the attorney for the defendants notified CFSLA that payments under the subordinated debenture agreement were in default and, unless cured, the defendants would exercise the rights provided in the agreement as well as the right of set off. On December 7, 1989, CFSLA was declared insolvent and was closed by the Office of Thrift Supervision and the Resolution Trust Company was appointed as the bank' receiver. The defendants filed a proof of claim putting the Resolution Trust Company on notice of the debt owed to them in a timely manner. All subsequent assignees of the $220,000 mortgage note which forms the basis of the instant lawsuit, including the plaintiff, accepted assignment of the note with the notice of the $900,000 debt owed to the defendant as well as the defendant's claim of set off.
The plaintiff claims that it is entitled to the protections afforded to the Federal Deposit Insurance Corporation (FDIC) and the RTC by virtue of 12 U.S.C § 1823(e) and by virtue of the decision of the United States Supreme Court in D'Oench, Duhme Co. v. FDIC, 315 U.S. 47, 62 S.Ct. 676, 86 L.Ed. 956 (1942) which held that the common law bars the assertion of any unrecorded agreement by a borrower against the FDIC. CT Page 1354
The RTC is entitled to the same protection afforded to the FDIC. Section 12 U.S.C. § 1441a(b)(4)(a). Section12 U.S.C. § 1823 (e) provides in part, as follows:
 "No agreement which tends to diminish or defeat the interest of the Corporation (FDIC) in any asset acquired by it . . . as receiver of any depository institution, shall be valid against the Corporation unless such agreement (1) is in writing, (2) is executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.
"The common law D'Oench doctrine and 18 U.S.C. § 1823 (e) (sic) bar the assertion against the FDIC of any defense premised on any unrecorded agreement between the borrower and a failed institution that does not satisfy all four requirements of § 1823(e). The term "agreement" under the common law and as used in § 1823(e) is defined broadly to include all conditions upon performance, Langley v. FDIC, 484 U.S. 86, 91, 108 S.Ct. 396
98 L.Ed.2d (340) (1987), and any "scheme or arrangement that is likely to mislead the banking authorities." Id. at 93; D'Oench, Duhme and Co. v. FDIC, 315 U.S. at 460. While the statute only "partially" codifies the D'oench doctrine, seeVernon v. Resolution Trust Corp., 907 F.2d 1101, 1105
(11th Cir. 1990), courts have found the aims of § 1823(e) and D'Oench identical and thus have construed defenses premised upon § 1823(e) and D'Oench in tandem. TwinConstruction Inc. v. Boca Raton, Inc., 925 F.2d 378, 382
(11th Cir 1991)." Federal Deposit InsuranceCorporation v. Conant, 8 CSCR 160 (1993) (Lager, J.).
The term "contemporaneously" utilized in § 1823(e) is strictly construed. Resolution Trust Corp. v. Midwest FederalSavings Bank, 36 F.3d 783, 797 (9th Cir. 1993); see also FDIC v. Wright, 942 F.2d 1089, 1100 (7th Cir. 1991), cert. denied 504 U.S. 909, 112 S.Ct. 1937, CT Page 1355118 L.Ed.2d 544 (1992) reh. denied 505 U.S. 1231, 112 S.Ct. 3058, 120 L.Ed.2d (1992); FDIC v. Ranbia Shopping Center,791 F.2d 215 220 (1st Cir. 1986);Cardente v. Fleet Bank of Maine, Inc., 796 F. Sup. 603, 611 (D.Me 1992). There is a sixteen month time span between the execution of the mortgage and the execution of subordinated debenture agreement, and accordingly, the agreements cannot satisfy the provisions of § 1823(e) that the agreements be executed "contemporaneously".
Defendants, and the ATR, urge a strong equitable position in favor of the defendants. However, the equities the defendants invoke are not "the equities of the statute regards as predominate". Langley, supra 486 U.S. 86 at 94 (1987). The terms of the statute are "categorical" and do not permit equitable exceptions. See FDIC v. Virginia Crossings Partnership, 909 F.2d 306,309 (8th Cir. 1990); Federal DepositInsurance Corp. v. Manatt, 688 F. Sup. 1327, 1329 (Ed. Ark. 1988), aff'd 922 F.2d 486 (1991) cert. denied 501 U.S. 1250, 111, S.Ct. 2189, 115 L.Ed.2d 1054 (1991); Resolution Trust Corpv. J. B. Centron Development Co., Inc. 920 Ohio App.3d 643,637 N.E.2d 23, 28-29 (1993).
While there is a recognized "no asset" exception to the application of § 1823(e) where no asset exists or is invalid by acts independent of any understanding or side agreement. FDICv. McFarland, 33 F.3d 532, 537 (5th Cir. 1994) and cases cited therein; FDIC v. Zook Brothers Construction Co.,973 F.2d 1448, 1452 (9th Cir. 1992). In the present case, the no asset claim arises from the assertion of a set off which cannot be established without reference to the subordinated debenture debt. Accordingly the plaintiff is entitled to the protection of § 1823(e); the objections to the report of me ATR are sustained the case shall proceed in a manner not inconsistent with this opinion.
Rush, Judge